IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES M. TURNER                                           PLAINTIFF

v.                  Civil No. 12-2245

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Charles Turner, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for disability insurance benefits ("DEB") pursuant to Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff filed his application for DIB on July 28, 2005, alleging an onset day of June 3, 2005. Plaintiff's claim was denied by the agency on June 20, 2007, and appealed to this court. On January 20, 2010, this matter was remanded for further evaluation of Plaintiff's mental impairment, specifically his mild mental retardation. On June 25, 2010, the Appeals Council remanded the case back to the Administrative Law Judge ("ALJ"). Tr. 420-421.

Subsequently, Plaintiff filed a second application for benefits on November 10, 2008. Tr. 399. On March 19, 2009, the agency determined that Plaintiff became disabled on December

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

10, 2008, but was not disabled prior thereto. Tr. 399. However, pursuant to the Appeals Council's June 25, 2010, remand order, the 2005 and 2008 applications were consolidated for rehearing on the issue of Plaintiff's disability between June 3, 2005, and December 10, 2008. A new hearing was then held on November 30, 2010. Tr. 430-450.

At the time of this hearing, Plaintiff was 36 years old and possessed the equivalent of a high school education. Tr. 433. He had past relevant work "(PRW") experience as a forklift driver. Tr. 23, 90, 435.

On February 8, 2011, the ALJ found Plaintiff's back disorder, impaired vision, colon problems, mood disorder, and mild mental retardation were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 401-404. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that between June 3, 2005, and December 10, 2008, Plaintiff retained the residual functional capacity ("RFC") to

> occasionally lift/carry 20 pounds and frequently 10 pounds. He could sit for 6 hours and stand/walk for six hours. He could frequently reach and handle with the dominant arm/hand. He could occasionally climb, balance, crawl, kneel, stoop, and crouch. He could not do work requiring excellent vision but he could avoid hazards and could distinguish between shapes and colors of screws, nuts, and bolts. He could do work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment required. Supervision required is simple, direct, and concrete.

Tr. 404. With the assistance of a vocational expert, who testified via interrogatories, the ALJ concluded that Plaintiff could perform work as a production assembler, maid/house cleaner, and meat cutter. Tr. 408.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on August 22, 2012. Tr. 393-395, 410-411. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 10.

## II.     Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

3

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

The undersigned notes that this case was previously remanded due to the ALJ's failure to consider Plaintiff's mild mental retardation as a severe impairment and to conduct the analysis required by Listing 12.05C.  While the decision currently before the undersigned does include a finding that Plaintiff's mild mental retardation is a severe impairment, it does not include a proper consideration of the requirements of listing 12.05.  Listing 12.05C states:

> Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested

> during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements of A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C. F. R. Pt. 404, Subpt. P, App. 1 § 12.05.

Although not specifically addressed by the ALJ, we believe that the evidence supports a finding that Plaintiff's mental retardation manifested itself before age 22. In February 2007, Dr. Walz recorded a full scale IQ score of 70 on the WAIS-III. *See Maresh v. Barnhart*, 438 F.3d 897, 900 (8th Cir. 2006) (holding that an IQ score recorded at the age of 37 is evidence of manifestation prior to the age of 22 because a person's IQ is presumed to remain stable over time in the absence of any evidence of a change in said functioning). There is also evidence to suggest that Plaintiff received special education services in speech, English, and reading. Tr. 532. Accordingly, the real issue in this case is whether or not Plaintiff meets the third requirement of Listing 12.05C, which requires the presence of a physical or other mental impairment imposing an additional and significant work-related limitation of function, i.e., a "more than slight or minimal" effect on the ability to perform work. *See Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (quoting *Cook v. Bowen*, 797 F.2d 687, 690 (8th Cir. 1986)).

The ALJ concluded that Plaintiff's back disorder, impaired vision, colon problems, and mood disorder were severe impairments. And, by definition, a severe impairment is one which "significantly limits [the claimant's] physical or mental ability to do basic work activities."

*Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). He also determined that Plaintiff's physical impairments limited him to light work with only occasional climbing, balancing, crawling, kneeling, stooping, and crouching, no work requiring excellent vision, limited interpersonal contact incidental to the work perform, tasks performed by rote with few variables and little judgment, and simple, direct, and concrete supervision. Tr. 404. It seems somewhat contradictory to state that the Plaintiff suffers from these other "severe" impairments and find that they do limit his ability to perform work-related tasks, all the while concluding that Plaintiff did not meet the requirements of Listing 12.05C. And, the ALJ failed to address this discrepancy, other than to summarily state that "the claimant's vision impairment, colon problems, and mood disorder, even when combined with his mental impairment of borderline intellectual functioning, did not prevent the claimant from performing substantial gainful activity from June 3, 2005, to December 10, 2008." Tr. 403. Clearly, this falls short of the analysis contemplated by Listing 12.05C.

The evidence also calls into question the ALJ's determination of Plaintiff's mental RFC. In February 2006, Dr. Letitia Hitz, conducted a mental assessment of Plaintiff. Tr. 532-535. Literacy testing revealed marginal literacy relative to reading comprehension skills. She diagnosed Plaintiff with reading disorder, disorder of written expression, and depressive disorder not otherwise specified. Dr. Hitz noted that Plaintiff's test results revealed nonverbal intellectual skills within the below average range with verbal intellectual skills within the deficient range. Due to anger management issues, she recommended anger management classes to help him better cope with life and job pressures. In February 2007, Dr. Walz concluded that Plaintiff's intellectual limitations interfered with his ability to read and write, his impaired hygiene would

affect his social functioning, his ability to communicate and interact in a socially adequate manner was impaired, he would require a lot of repetition to learn basic skills, he would need additional supervision to stay on task, and his pain would likely interfere with his speed of performance. Tr. 343-348. Testing revealed that his reading and spelling were fourth grade level and his math seventh grade level. Tr. 346. And, in March 2009, Dr. Kathleen Kralik concluded that Plaintiff's capacity to communicate and interact in a socially adequate manner was estimated to be somewhat problematic, his capacity to communicate in an intelligible and effective manner was moderately impaired, and his ability to attend and sustain concentration on basic tasks seemed significantly impaired. Tr. 543-545. Similarly, in 2009, Dr. Paula Lynch, a non-examining consultant, determined Plaintiff's ability to maintain attention and concentration for extended periods, complete a normal workday and work week without interruptions from psychologically based, and perform at a consistent pace without an unreasonable number and length of rest periods was markedly limited. Tr. 549-551. In fact, she concluded that Plaintiff did not appear to have "the capacity to perform even unskilled work in a sustained, consistent and predictable fashion," and was capable of performing less than unskilled work. Tr. 551.

Accordingly, it seems to the undersigned that there is arguably evidence that the Plaintiff suffers from a mental or physical impairment that would impose additional and significant work-related limitations of function. And, we believe remand is necessary to allow the ALJ to conduct a thorough listing 12.05C analysis.

We are also troubled by the determination that Plaintiff was disabled as of December 10, 2008, but not before, As previously noted, Plaintiff's IQ score is presumed to have remained stable, as in this case, in the absence of evidence to indicate a deterioration in his condition.

7

And, after reviewing the evidence of record, we can find no legitimate reason for concluding that Plaintiff suddenly became disabled on December 10, 2008. As such, we find that remand in necessary to allow the ALJ to revisit this issue.

### IV.    Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of December 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)